## SCANDINAVIAN SVEAS BENEVOLENT SOCIETY *v.* LINQUIST.

1. FRAUDULENT CONVEYANCES—EVIDENCE—SUFFICIENCY.

    A decree setting aside a conveyance as in fraud of creditors was sustained, though based on independent facts constituting badges of fraud, rather than on proof of a deliberate plan to defraud.

2. SAME—CONSIDERATION—NOTICE.

    Knowledge on the part of a transferee of property of his grantor's intention to defraud creditors will invalidate the transaction, where the consideration consisted of part cash and part the discharge of an antecedent debt.

Appeal from Oceana; Russell, J. Submitted February 17, 1903. (Docket No. 81.) Decided April 28, 1903.

Bill by the Scandinavian Sveas Benevolent Society of Whitehall against Peter E. Linquist, Caroline Linquist, and Albert Linquist in aid of execution. From a decree for complainant, defendants appeal. Affirmed.

*C. W. Sessions* (*W. E. Osmun*, of counsel), for complainant.

*Ed. J. Smith* (*W. J. Turner*, of counsel), for defendants.

MONTGOMERY, J. The bill in this case is filed in aid of an execution and to set aside a conveyance of 80 acres of land in Oceana county, valued at $600 to $800, made by defendant Peter E. Linquist to his son, Albert, at a time when a suit at law was pending and about to be tried, in which the present complainant was plaintiff and the defendant Peter was defendant. Upon a hearing on pleadings and proofs, the circuit judge declared the transaction fraudulent, and defendants appeal.

The defendants' counsel strenuously insist that the circuit court based the decree on mere suspicion, and that there was no adequate proof of fraud. This contention has challenged careful scrutiny of the testimony in the case, which has led us to the conclusion that the circuit judge's finding not only does not rest upon suspicion merely, but is well supported by the testimony in the case. True, no one testifies to a deliberate plan to defraud, and the complainant's case is made out by independent facts constituting badges of fraud. It would not aid in future cases to enumerate these. The question is one of fact, and we have no hesitancy in holding that the circuit judge reached the correct conclusion. We are satisfied that the defendant Peter E. Linquist attempted to dispose of this property with the purpose of putting it beyond the reach of creditors, and that the defendant Albert was a participant in the fraud, within the rule laid down in *Gumberg* v. *Treusch*, 110 Mich. 451 (68 N. W. 236).

The decree is affirmed, with costs.

The other Justices concurred.